# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BOBBIE FISCHER SAPP,**

      **Plaintiff,**

v.                                                         Case No: 6:21-cv-1515-PGB-DCI

**JEFFREY MARCUM, JOHN BOLOGNA, JESSICA ELLER, DANIEL PUSHOR, DEAN RICHARD JOHNSON and CITY OF WINTER PARK,**

      **Defendants.**

## ORDER AND ORDER TO SHOW CAUSE

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant Johnson's Amended Motion to Quash (Doc. 42)** |
| **FILED:** | **September 2, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

It is further **ORDERED** that, **on or before November 16, 2022**, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed as to Defendant Johnson for a failure to prosecute and violation of Local Rule 1.10(b).

### I.  Background

Plaintiff initiated this civil rights case against Defendants in state court in August 2021. On August 23, 2021, while the matter was still pending in state court, Plaintiff filed an Amended Complaint. On September 15, 2021, Defendants Deal, Marcum, Bologna, Eller, and Pushor

removed the case to this Court. Doc. 1.[1] After the Court granted Defendants' Motion to Dismiss in part, the Court permitted Plaintiff to file a Third Amended Complaint, and Plaintiff did so. Docs. 25, 26.[2]

By Order dated April 26, 2022, the Court directed Plaintiff to show cause for failure to effect proper service on Defendant Johnson. Doc. 29. On May 10, 2022, Plaintiff filed a response to the show cause order and explained that on September 1, 2021—when the matter was still in state court—Defendant Johnson was properly served with a summons and the Amended Complaint at 201 N. Maple Ave., Unit 6, Sanford, Florida 32777. Doc. 30, citing Ex. 30-2 (Sept. 1, 2021 Affidavit of Service). Plaintiff stated that on September 17, 2021—after removal—Plaintiff's counsel received a copy of Defendant Johnson's Answer to "Plaintiff's Complaint via the United States Postal Service." *Id*. at 2, citing Doc. 30-4 (Sept. 17, 2021 Answer to Amended Complaint). Plaintiff requested that the Court consider the documents as "good cause after properly effecting service." *Id*. at 2.[3]

---

[1] According to the Notice of Removal, Defendant Dean Richard Johnson (Defendant Johnson) did not join in the removal because the state court docket did not reflect the service of a summons upon Defendant Johnson and counsel had not appeared. Doc. 1 at 8-9.

[2] Plaintiff alleges that Defendants violated her Fourth Amendment rights pursuant to the United States Constitution and rights under Florida state law and common law. *Id*.

[3] Based on the foregoing, the Court directed the parties to show cause why the case should not be remanded for improper removal. Doc. 31. Defendants responded and stated that "the state-court docket sheet the "Removing Defendants" obtained and filed with the Notice of Removal had no indication of service upon or appearance by Johnson." Doc. 32 at 3. Since the "Removing Defendants" did not "believe that the Affidavit of Service for Johnson filed by Plaintiff in state court was not available to them prior to removal," and Defendant Johnson did not contact or serve a copy of the state-court answer upon counsel, consent to remove was not required. *Id*., citing *Muhammad v. Jones*, 2015 WL 7575021, at *5 (N.D. Fla. Nov. 3, 2015); *Laurie v. Nat'l R.R. Passenger Corp.*, 2001 WL 34377958, at *1 (E.D. Penn. Mar. 13, 2001). The Court discharged the Order to Show Cause. Doc. 34.

By Order dated May 23, 2022, the Court directed Plaintiff to show cause as to the failure to prosecute Defendant Johnson. Doc. 34 at 4. The Court stated that "the question remains on how to proceed with Defendant Johnson. As stated earlier, Defendant Johnson, who is *pro se*, was served and filed his Answer in state court, but Defendant Johnson never appeared in this Court." *Id*. at 3-4. The Court concluded that it was "unclear whether Defendant Johnson was properly included in any of the discovery that has taken place." *Id*. at 3-4. As such, the Court directed Plaintiff to explain why Defendant Johnson should not be terminated from the case for failure to prosecute. *Id*. Critically, the Court's Order never directed Plaintiff to serve anything upon Defendant Johnson. *See* Doc. 34; *see also* Docs. 29 (Order to Show Cause); 31 (Order to Show Cause).

Plaintiff filed a response and stated—without any explanation or citation—that "[p]er the Court's directive, Plaintiff immediately prepared a package of several documents generated since removal to federal court and requested a process server/private investigator personally serve Defendant Johnson with all documents." Doc. 35 at 2. Plaintiff stated that the process server was unable to locate Defendant Johnson and requested an additional 30 days to locate Defendant Johnson. *Id*. at 2-3.

On July 8, 2022, the Court entered an Endorsed Order that discharged the show cause order and granted Plaintiff's request as follows: "The Court will grant Plaintiff 30 days from the date of this Order to serve the pro se Defendant." Doc. 36. On August 9, 2022, Plaintiff filed an Affidavit of Service as to Defendant Johnson, which affidavit reflects that the Third Amended Complaint was posted to the door at 201 N. Maple Ave., Unit 6, Sanford, Florida 32777 in a sealed envelope. Doc. 37.

Pending before the Court is Defendant Johnson's Amended Motion to Quash Service of Process. Doc. 42 (the Motion). Plaintiff has filed a Response in opposition to the Motion and argues that Defendant Johnson was properly served as noted in the return of service. Doc. 43 (the Response).

**II.    Discussion**

In the Motion, Defendant Johnson, now proceeding through counsel, seeks to have the Court quash service and dismiss the case against Defendant Johnson. Doc. 42. The Motion is premised upon the assertion that, "[p]ursuant to the Order of the Honorable Judge Paul G. Byron on July 8, 2022, the Plaintiff was directed to serve [Defendant Johnson] within 30 days." Doc. 42 at 1 (citing Doc. 36, the Endorsed Order granting 30 days "to serve" Defendant Johnson). The entirety of Defendant Johnson's argument is as follows:

> Rule 4(e) of the Federal Rules of Civil Procedure provides that for service of a Complaint to be perfected on an individual within the state the Complaint must be delivered personally to the person or on an individual at his dwelling or usual place of adobe. The Affidavit of Service clearly sets forth a single attempt to comply with this Court's Order and a lack of compliance with the Federal Rule and should therefore the Service of Process on [Defendant Johnson], should be Quashed, [Defendant Johnson] should be dismissed from this matter without prejudice and such other relief as this Court deems appropriate.

*Id*. The Motion contains no memorandum of law[4] and cites no legal authority other than the foregoing reference to Rule 4(e).

Defendant Johnson's reliance on Rule 4(e) is misplaced, and the undersigned believes that he misreads the Court's previous Order.[5] Put simply, Rule 4(e) sets forth the requirements for

---

[4] Because of this, the Motion is also due to be denied for a violation of Local Rule 3.01(a).

[5] Again, the Court never "directed" Plaintiff to serve Defendant Johnson with anything, nor did the Court direct service pursuant to Rule 4. *See* Docs. 34 (Order to Show Cause); *see also* Docs. 29 (Order to Show Cause); 31 (Order to Show Cause). In Plaintiff's response to the most recent

initial service of a summons and the complaint on an individual within a judicial district of the United States, but the Court has already determined that Defendant Johnson was served and filed an answer in the state court action. Doc. 34 at 3-4 ("As stated earlier, Defendant Johnson, who is *pro se*, was served and filed his Answer in state court . . . ."). So, initial service occurred, and Defendant Johnson cites no authority for the proposition that Rule 4(e) applies to service of the Third Amended Complaint. Instead, the undersigned finds that Federal Rule of Civil Procedure 5 applies here,[6] to the extent any service is now necessary upon Defendant Johnson.

Rule 5(b)(2)(C) permits service of the Third Amended Complaint by mailing it to "the person's last known address—in which event service is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C). Thus, regardless of whether Plaintiff's process server "posted [the Third Amended Complaint] on the door," Plaintiff certified to the Court that, on January 31, 2022, Plaintiff sent

---

Order to Show Cause (Doc. 34), Plaintiff incorrectly states that the Court "direct[ed]" service (Doc. 35 at 2) and requests "an additional thirty (30) days to locate Defendant Johnson" (Doc. 35 at 3). The Court then entered an Endorsed Order that discharged the show cause order and granted Plaintiff's request as follows: "The Court will grant Plaintiff 30 days from the date of this Order to serve the pro se Defendant." Doc. 36. The undersigned finds that none of that amounted to an order by the Court to serve Defendant Johnson with a pleading pursuant to Rule 4.

[6] While not argued by Defendant Johnson, the Court notes that service pursuant to Rule 4 may be required pursuant to Rule 5(a)(2), but only for a defendant who is in default for failing to appear and only if the pleading asserts a new claim against the party who is in default for failing to appear:

> [n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Fed.R.Civ.P. 5(a)(2); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Rule 5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint asserts a new or additional claim for relief."). Without deciding on this record whether Defendant Johnson is "in default for failing to appear," the Third Amended Complaint contains no new claims against Defendant Johnson, and, again, Defendant Johnson makes no argument that it does. Thus, Rule 5(a)(2) does not apply.

the Third Amended Complaint via U.S. mail to Defendant Johnson. Doc. 26 at 35.[7] So, the record before the Court establishes that Plaintiff served the Third Amended Complaint pursuant to Rule 5(b)(2)(C) on January 31, 2022.

But if service of the Third Amended Complaint was appropriate,[8] then Plaintiff is inexplicably dilatory in not seeking default against Defendant Johnson. According to Local Rule 1.10(b), "Within twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default." And given that discovery is complete and closed and the parties are on the verge of filing dispositive and *Daubert* motions, the inclusion of Defendant Johnson at this late stage would surely disrupt the Court's calendar and the orderly resolution of this action, increase the burden and expense of this action, and prejudice Defendant Johnson (who has been absent from the discovery process) as well as the other Defendants (who have diligently proceeded with discovery).

As the docket of this case reflects, one way or the other, Plaintiff dropped the ball as to Defendant Johnson. Either Plaintiff failed to serve Defendant Johnson and dismissal is warranted pursuant to Rule 4(m) (an issue for which an Order to Show Cause remains pending (Doc. 29)), or Plaintiff properly served Defendant Johnson but failed to seek default in violation of the Local Rule while plowing through the entire discovery period without regard to him. As to the latter

---

[7] Plaintiff also states in a response to the Court's Order to Show Cause that since the case was removed to federal court, Plaintiff's counsel has mailed copies of correspondence to Defendant Johnson at the address where he was properly served—201 N. Maple Street, Unit 6, in Sanford, Florida. Except for mail dated May 10, 2022, Plaintiff states that all mail has been delivered. Doc. 35 at 2.

[8] The undersigned notes that the Court's original Order to Show Cause (Doc. 29) concerning service as required by Rule 4(m) has not been discharged.

issue, Plaintiff will once again be required to show cause why this case should not be dismissed as to Defendant Johnson.

### III.   Conclusion

It is **ORDERED** that Defendant Johnson's Motion (Doc. 42) is **DENIED**.

It is further **ORDERED** that, **on or before November 16, 2022**, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed as to Defendant Johnson for a failure to prosecute and a violation of Local Rule 1.10(b).

**ORDERED** in Orlando, Florida on November 3, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE