UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BOBBIE FISCHER SAPP,**

      **Plaintiff,**

v.                                      Case No: 6:21-cv-1515-PGB-DCI

**JEFFREY MARCUM, JOHN BOLOGNA, JESSICA ELLER, DANIEL PUSHOR, DEAN RICHARD JOHNSON and CITY OF WINTER PARK,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court on the following filings (collectively, the "**Motions**"):

1. Defendants'[1] Motion for Summary Judgment (Doc. 51 (the "**Motion for Summary Judgment**")) and Plaintiff's Notice of Filing Documents in Opposition to Defendants' Motion for Summary Judgment (Doc. 56 ("**Notice in Opposition**")); and

2. Defendants' Motion to Exclude Testimony and Opinions of Darrin Porcher (Doc. 52 (the "**Motion to Exclude**")).

---

[1] Defendants John Bologna, City of Winter Park, Jessica Eller, Jeffrey Marcum, and Daniel Pushor (collectively, the "**Defendants**") filed both Motions that will be discussed within. (Docs. 51, 52). Defendant Dean Richard Johnson, however, did not join in the filing of either Motion and is due to be dismissed from this lawsuit for reasons to be addressed *infra*.

Upon consideration, the Motion for Summary Judgment is due to be granted. As a result, the Motion to Exclude is denied as moot.[2]

## I. BACKGROUND

Although initially filed in state court (Doc. 1-1 (the "**Complaint**")), the present lawsuit was removed to this Court on September 15, 2021 (Doc. 1).[3] Following significant time for discovery and various judicial proceedings, Defendants moved for summary judgment on December 1, 2022. (Doc. 51). The same day, Defendants filed their Motion to Exclude. (Doc. 52).[4] Shortly before the response deadline for each of the aforementioned Motions, Plaintiff filed requests for an extension of time to respond to both the Motion for Summary Judgment and the Motion to Exclude. (Docs. 53, 54). On December 22, 2022, the Court granted Plaintiff's requests for additional time, providing a three-week extension to

---

[2] In any event, Plaintiff filed no response in opposition to the Motion to Exclude. Thus, it would be considered unopposed. Nonetheless, nothing within this Order should be construed as the Court opining on the qualifications of this respective expert witness. The Court did not evaluate his credentials and makes no determination regarding his qualifications in the case at bar.

[3] The ongoing issue as to whether or not Defendant Dean Richard Johnson was ever properly served has spawned various other concerns. To spare this Court from rehashing the convoluted sequence of events, there have been a number of related Orders to Show Cause (*See, e.g.*, Docs. 29, 31, 34, 36, 46) and seemingly no final resolution. Accordingly, the Court has decided to *sua sponte* dismiss Defendant Dean Richard Johnson without prejudice for failure to prosecute in violation of Local Rule 1.10(b). (*See* Docs. 46, 48).

[4] Considering parties have twenty-one days to respond to both motions for summary judgment and motions to exclude expert testimony, the initial response deadline was the same for each of the Motions. *See* Local Rule 3.01(c). Therefore, the original deadline for both Motions, prior to the extension, was December 22, 2022.

respond to both Motions. (Doc. 55).[5] Finally, on January 12, 2023, the last day to respond to both Motions, Plaintiff filed her Notice in Opposition to the Motion for Summary Judgment. (Doc. 56). Considering the response deadline has now passed, and Plaintiff has failed to respond to the Motion to Exclude, both Motions are ripe for review.

## II.  DISCUSSION

The issue before the Court is quite straightforward. Defendants moved for summary judgment. (Doc. 51). In "response," Plaintiff filed a Notice in Opposition, comprised of a litany of exhibits that collectively approached 2,000 pages long. (Doc. 56). However, merely filing exhibits does not constitute an acceptable *response*. An "adequate" response, according to Local Rule 3.01(b), is a legal memorandum. A legal memorandum is defined as a paper that "cites legal authority or otherwise advances a statement of law to support a request for relief." Local Rule 1.01(d)(10).

Nevertheless, within the thousands of pages of filings, this Court finds neither a statement of legal authority nor any purported arguments to advance Plaintiff's position. Presumably, albeit erroneously, Plaintiff assumes that it is the Court's job to comb through thousands of pages of "evidence" in an attempt to

---

[5] Had Plaintiff desired even further time beyond the three weeks initially requested, the Court would have likely granted the request. Further, the Court is frequently inclined to grant *additional* requests for time upon a showing of extraordinary cause.

deduce Plaintiff's response.[6] To the contrary, when provided zero direction from a responding party, "district court judges are not required to ferret out delectable facts buried in a massive record" in order to pinpoint a party's winning argument for them. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F. Supp. 2d 1337, 1340 (S.D. Fla. 2009) ("Federal Judges are not archaeologists. We possess neither the luxury nor the inclination to sift through [a] mound of obfuscation in hopes of finding a genuine issue of material fact to deny summary judgment."). Simply put, courts are neither inclined nor expected to blindly embark on their own quest through volumes of documents in order to craft the most compelling arguments and do a party's work for them.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Summary Judgment (Doc. 51) is **GRANTED**.
2. Defendants' Motion to Exclude (Doc. 52) is **DENIED AS MOOT**.[7]
3. The Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** as to Defendants John Bologna, City of Winter Park, Jessica Eller, Jeffrey Marcum, and Daniel Pushor.

---

[6] The Court is weary to classify all of the filings as evidence considering Plaintiff's Affidavit is improperly executed and, therefore, amounts to nothing of value. (Doc. 56-1).

[7] *See supra* note 2.

4

4. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as to Defendant Dean Richard Johnson.

5. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants, John Bologna, City of Winter Park, Jessica Eller, Jeffrey Marcum, and Daniel Pushor, and against Plaintiff and to thereafter close the file.

**DONE AND ORDERED** in Orlando, Florida on January 13, 2023.

*(signature)*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties