# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BOBBIE FISCHER SAPP,**

        **Plaintiff,**

v.                                                            **Case No: 6:21-cv-1515-PGB-DCI**

**JEFFREY MARCUM, JOHN BOLOGNA, JESSICA ELLER, DANIEL PUSHOR, DEAN RICHARD JOHNSON and CITY OF WINTER PARK,**

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's First Motion for Reconsideration (Doc. 58 (the "**Motion**")) of the Court's Order granting Defendants'[1] Motion for Summary Judgment and denying as moot Defendants' Motion to Exclude Testimony (Doc. 57 (the "**Order**")).[2] Upon consideration,

---

[1] Defendants John Bologna, City of Winter Park, Jessica Eller, Jeffrey Marcum, and Daniel Pushor (collectively, the "**Defendants**") filed the Motion for Summary Judgment (Doc. 51 (the "**Motion for Summary Judgment**")) and the Motion to Exclude Testimony and Opinions of Darrin Porcher (Doc. 52 (the "**Motion to Exclude**")). Defendant Dean Richard Johnson, however, did not join in the filing of either of the aforementioned Motions.

[2] Defendants have not yet responded to this Motion as it was only filed a few days ago, on January 13, 2023. (Doc. 58). In any event, considering Plaintiff's failure to comply with Local Rule 3.01(g), the Court is unaware as to both Defendants' position on the Motion and the status of the parties' conferral regarding this issue. Nonetheless, considering the Court's review of this matter, Defendants need not respond to the Motion at this point in time. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

ruling on the Motion is due to be deferred pending Plaintiff's compliance with the Court's directives herein.³

Essentially, Defendants filed a Motion for Summary Judgment (Doc. 51) and a Motion to Exclude (Doc. 52) (collectively, the "**Motions**") that were not adequately, or timely, responded to. While there was no response to the Motion to Exclude, Plaintiff filed a Notice of Filing Documents in Opposition to Defendants' Motion for Summary Judgment. (Doc. 56 ("**Notice in Opposition**")). Since the Notice in Opposition was the only relevant document filed on or before January 12, 2023—the deadline to respond to both of the aforementioned Motions⁴—the Court naturally construed it as Plaintiff's "response" to the Motion for Summary

---

3   The Court notes that the Federal Rules of Civil Procedure do not provide for generic "motions for reconsideration." *See Williams v. Paulson*, No. 06-CV-0876, 2008 WL 11336483, at *1 (N.D. Ga. Apr. 16, 2008); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993); *see also Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000) ("There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure."). However, courts routinely construe such motions pursuant to Rule 59(e) or Rule 60(b). *See, e.g.*, *Region 8*, 993 F.2d at 806 n.5; *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60. Considering Plaintiff failed to address any governing authority in support of this Motion, the Court has no indication as to what Plaintiff believes is the legal basis supporting the request. Regardless, "[n]omenclature does not control the legal status" of such motions. *Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir. 1988). Instead, courts can "conduct an independent determination of what type of motion" is before them. *Id.* Thus, the Court will most likely be reviewing this Motion pursuant to Rule 60(b), considering the prior Order did not implicate the merits of the underlying dispute. *See, e.g.*, *Brown v. Synovus Fin. Corp.*, 783 F. App'x 923, 931 (11th Cir. 2019); *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). Moreover, an analysis involving the failure to comply with filing deadlines sometimes can fall under the ambit of "excusable neglect." FED. R. CIV. P. 60(b)(1).

4   The deadline of January 12, 2023 was an extension three weeks beyond the initial twenty-one days a party has to respond to a motion for summary judgment. (*See* Doc. 55).

Judgment.[5] (*Id.*). However, considering the Court's Local Rules, the Court found Plaintiff's Notice in Opposition did not qualify as an adequate "response" and thus, granted Defendants' Motion for Summary Judgment and denied as moot the Motion to Exclude by close of business the day after the deadline passed. (*See* Doc. 57).[6]

Now, Plaintiff requests this Court reconsider its prior Order for various convoluted reasons. (Doc. 58). None of these reasons, however, are supported with legal authority or statements of law to bolster Plaintiff's position.[7] Essentially, Plaintiff claims her failure to file a response that included a legal memorandum was attributable to technological issues. (*Id.*). Somehow, Plaintiff was able to file the Notice of Opposition, but nothing else. (*Id.*).

Admittedly, the Court is skeptical. For one, Plaintiff had the entire day of January 13, 2023 to notify this Court of the alleged technology issues and her intent to supplement the Notice in Opposition with a legal memorandum. In addition, Plaintiff's Motion suggests that her response to the Motion for Summary Judgment

---

[5] In the alternative, had the Court merely disregarded the Notice in Opposition, the same outcome would have resulted—the Court would have considered the Motions as unopposed, granting the Motion for Summary Judgment and denying as moot the Motion to Exclude.

[6] The Court is not without compassion or sympathy. Having checked the docket multiple times on January 13, 2023—the day *after* the extended deadline—for correspondence from Plaintiff indicating an additional response was forthcoming, the Court eventually entered its Order at 5:09 p.m. on January 13, 2023. (Doc. 57).

[7] Again, this equates to Plaintiff failing to comply with Local Rule 3.01(b). (*See id.*). Simply put, this Motion is not a legal memorandum. Plaintiff neither cites legal authority nor advances any statements of law to support the requested form of relief. *See* Local Rule 1.01(d)(10). Although it seems commonsensical, the Court finds it necessary to remind Plaintiff that rules are not merely suggestive.

3

had been found at some point on January 13, 2023,[8] and yet, this Court has yet to see it. (*See id.* at p. 3).[9] Finally, the affidavit attached to the Motion demonstrates the implementation of an application change at Plaintiff's firm on January 13, 2023, the day *after* the response deadline for both Motions. (*See* Doc. 58-1, p. 3).[10] Thus, it not fully clear to the Court how such an update the day *after* would impact Plaintiff's filing the day *prior*.

Most notably, though, considering the vast array of modern forms of communication, the Court remains perplexed as to why Plaintiff waited eighteen hours—and for the entry of an unfavorable Order—to inform the Court of the allegedly unfortunate situation. At the very least, a phone call or email would have sufficed for the Court to stay its hand.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's First Motion for Reconsideration (Doc. 58) is **DEFERRED** for later ruling.

2. Plaintiff is **DIRECTED** to file each of the following on or before January 23, 2023: an affidavit from the respective Paralegal attesting

---

[8]   The Court highlights that Plaintiff states December 13, 2023 as the date the original document was recovered; however, this would be over a month ago. (Doc. 58, p. 2). Further, Plaintiff suggests the only work that was lost stems from December 12, 2023. (*Id.*). Alas, the Court assumes Plaintiff merely misstated the month in question.

[9]   The Court finds it odd that Plaintiff's response to the Motion for Summary Judgment was found and not, at the very least, attached to this Motion as proof if its existence.

[10]  The update merely involves web applications timing out "after one hour of inactivity causing the session to become idle." (Doc. 58-1, p. 3). The Court is unsure how such a change would result in the complete loss of computer filings.

4

to the alleged sequence of events; a copy of the email sent to opposing counsel immediately after the technological issue occurred; the metadata of the *original* document containing Plaintiff's response to the Motion for Summary Judgment showing when the document was prepared; and an adequate legal memorandum supporting a motion for reconsideration of no more than ten (10) pages.

**DONE AND ORDERED** in Orlando, Florida on January 20, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties