UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BOBBIE FISCHER SAPP,**

      **Plaintiff,**

v.                                                Case No: 6:21-cv-1515-PGB-DCI

**JEFFREY MARCUM, JOHN BOLOGNA, JESSICA ELLER, DANIEL PUSHOR, DEAN RICHARD JOHNSON and CITY OF WINTER PARK,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant City of Winter Park's Motion to Compel Judgment Execution Discovery (Doc. 103)** |
| **FILED:** | May 8, 2024 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

On July 7, 2023, the Court granted summary judgment in favor of Defendants. Doc. 90. Thereafter, Defendants filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Florida Statutes section 768.79. Doc. 95. The Court granted the request in part and found that Defendants are entitled to attorney fees and costs under § 1988 and section 768.79. Doc. 99. Upon Defendants' Motion to Quantify the Attorney Fee Award, the Court awarded Defendants $139,386.00 for attorney fees. Docs. 100, 102.

Pending before the Court is Defendant City of Winter Park's (the City) Motion to Compel Regarding Judgment Execution Discovery. (Doc. 103) (the Motion). The City asserts that on March 19, 2024, it served its judgment execution requests for production and interrogatories upon Plaintiff, but Plaintiff failed to serve verified answers, responses, and responsive documents. *Id*. Accordingly, the City requests that the Court compel Plaintiff to respond to the discovery and award reasonable expenses for making the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). *Id*.

"[Federal] courts have always had jurisdiction to enforce their judgments." *Sequoia Fin. Solutions, Inc. v. Warren*, 2017 WL 445713, at *2 (M.D. Fla. Feb. 2, 2017) (citing, *Heaps v. Flanagan*, 2008 WL 243976, at *6 (S.D. Ga. June 9, 2008)). "Rule 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment." *In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007); *see also Sequoia*, 2017 WL 445713, at *2 (finding that the defendants were entitled to discovery in aid of execution of the award of attorney fees and costs incurred as a result o the action).

Further, responses and objections to discovery requests must be made within 30 days of being served. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. A court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B).

Here, the City served discovery in aid of execution and represents that it made reasonable efforts to confer with Plaintiff to resolve this issue, but the parties could not reach a resolution. Doc. 104. Plaintiff has not filed a response to the Motion and the time for doing so has expired. The Court routinely grants motions as unopposed where the opposing parties have not filed a

response in opposition to the motion. *See* Local Rule 3.01(c); *see also Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (finding that a motion to compel was unopposed because the opposing party failed to timely respond to the motion).

Based on the foregoing, the Court finds that the Motion is due to be granted.

Upon due consideration, it is **ORDERED** that:

1. the City's Motion (Doc. 103) is **GRANTED**;

2. **on or before June 14, 2024**, Plaintiff shall respond to the City's discovery requests in aid of execution; and

3. the City may file an appropriate motion seeking an award of reasonable expenses including attorney fees incurred in making the Motion. Any such motion must include the amount of fees incurred in seeking that relief and must comply with Local Rule 3.01(g).

**ORDERED** in Orlando, Florida on May 31, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE