UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BOBBIE FISCHER SAPP,**

      **Plaintiff,**

v.                                 Case No: 6:21-cv-1515-PGB-DCI

**JEFFREY MARCUM, JOHN BOLOGNA, JESSICA ELLER, DANIEL PUSHOR, DEAN RICHARD JOHNSON and CITY OF WINTER PARK,**

      **Defendants.**

## ORDER AND ORDER TO SHOW CAUSE

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant City of Winter Park's Motion for Sanctions Regarding Judgment Execution Discovery (Doc. No. 106)** |
| **FILED:** | **July 9, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

On July 7, 2023, the Court granted summary judgment in favor of Defendants. Doc. 90. Thereafter, Defendants filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Florida Statutes section 768.79. Doc. 95. The Court granted the request in part and found that Defendants are entitled to attorney fees and costs under § 1988 and section 768.79. Doc. 99. Upon Defendants' Motion to Quantify the Attorney Fee Award, the Court awarded Defendants $139,386.00 for attorney fees. Docs. 100, 102.

Defendant City of Winter Park (the City) then filed a Motion to Compel Regarding Judgment Execution Discovery. Doc. 103. The City asserted that on March 19, 2024, it served its judgment execution requests for production and interrogatories upon Plaintiff, but Plaintiff failed to serve verified answers, responses, and responsive documents. *Id*. Accordingly, the City requested that the Court compel Plaintiff to respond to the discovery and award reasonable expenses for making the motion. *Id*. By Order dated May 31, 2024, the Court granted the request and ordered Plaintiff to respond to the City's requests in aid of execution on or before June 14, 2024. Doc. 105.

Pending before the Court is the City's Motion for Sanctions Regarding Judgment Execution Discovery. Doc. 106 (the Motion). The City contends that Plaintiff has not complied with the Court's May 31, 2024 Order and requests that the Court impose all appropriate sanctions including treating Plaintiff's noncompliance as a contempt of Court under Federal Rule of Civil Procedure 37(b)(2)(A)(vii). *Id*. The City also seeks reasonable expenses including attorney fees in making the Motion. *Id*.[1]

Based on the City's foregoing representations, it appears that Plaintiff has failed to comply with the Court's directive and, therefore, the Court will consider the City's request for sanctions including treating as contempt of court Plaintiff's failure to obey the May 31, 2024 Order.

Accordingly, it is **ORDERED** that:

1. the City's Motion (Doc. 106) is **GRANTED in part** to the extent on September 18, 2024 at 10:00am, Plaintiff shall appear in person at the United States Courthouse,

---

[1] While the City certifies that its counsel conferred with Plaintiff's counsel regarding the Motion and "[t]he parties do not agree on resolution of any of this motion," Plaintiff has not filed a response to the Motion and the time for doing so has elapsed. *Id*.

Orlando, Florida Courtroom 5C before United States Magistrate Judge Daniel C. Irick to **SHOW CAUSE** why the Court should not sanction Plaintiff pursuant to Rule 37(b)(2) for failure to comply with the Court's May 31, 2024 Order. Plaintiff, Plaintiff's counsel, and the City's counsel shall attend the show cause hearing. Plaintiff's failure to appear may result in the imposition of sanctions, including the initiation of contempt proceedings against Plaintiff;

2. the City may file an appropriate motion seeking an award of reasonable expenses including attorney fees incurred in making the Motion. Any such motion must include the amount of fees incurred in seeking that relief and must comply with Local Rule 3.01(g); and

3. the remainder of the Motion (Doc. 106) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on August 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties