**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOBBIE FISCHER SAPP,**

      **Plaintiff,**

**v.**                                                                 **Case No: 6:21-cv-1515-PGB-DCI**

**JEFFREY MARCUM, JOHN**
**BOLOGNA, JESSICA ELLER, DANIEL**
**PUSHOR, DEAN RICHARD JOHNSON**
**and CITY OF WINTER PARK,**

      **Defendants.**

---

**ORDER**

Pending before the Court is Defendants' Motion to Enter or Correct Judgment filed pursuant to Federal Rules of Civil Procedure 58 and 60. Doc. 124 (the Motion). On July 7, 2023, the Court granted summary judgment for Defendants. Doc. 90. Thereafter, the Court granted Defendants' motion for quantification of fees and awarded $139,386.00 in attorney fees. Doc. 102. On August 1, 2023, the Clerk taxed $23,180.12 in costs. Doc. 97. Defendants now request that the Court direct the Clerk to enter or correct a judgment in this case to include (1) attorney fees awarded in favor of Defendants in the amount of $139,386.00 and (2) costs taxed in favor of Defendants in the amount of $23,180.12. Doc. 124.

The Motion is due to be denied without prejudice because Defendants have not established entitlement to relief. As an initial matter, Defendants cite generally to Rule 58, but the Motion is virtually devoid of any legal basis of the relief sought. *See* Doc. 124. Likewise, Defendants mention that Rule 60(a) allows the Court to correct a clerical mistake, but provide no discussion

on the application of the rule to the facts of this case. *See* Doc. 124 at 2 to 3. Accordingly, the Motion fails under Local Rule 3.01(b).

But even if Defendants' brief was sufficient, it appears that entry of judgment is unnecessary. With respect to the request as it relates to fees, under Rule 58, "[e]very judgment. . . must be set out in a separate document, ***but*** a separate document is not required for an order disposing of a motion for attorney's fees under Rule 54." Fed.R.Civ.P. 58(a)(3) (emphasis added). Here, with no analysis, Defendants state that the exceptions to Rule 58(a)'s requirement for a separate judgment are not applicable. Doc. 124 at 2. The Court does not agree, as the order at issue disposed of Defendant's Motion to Quantify Attorney's Fee Award filed pursuant to Rule 54(c)(2). *See* Docs. 100, 102, Fed.R.Civ.P. 58(a)(3).[1] Accordingly, a separate judgment is not necessary as it relates to the $139,386.00 fee award. *See Tri-Cnty. Mobile Wash., Inc. v. B&C Wash. Corp.*, 2025 U.S. Dist. Lexis. 64952, at *2 (S.D. Fla. Apr. 3, 2025) (denying a motion for entry of final judgment as it relates to fees under Rule 58(a)(3)) (citing *Caplan v. 101 Vapor & Smoke, LLC*, 2020 WL 13645279, at *3 (S.D. Fla. Aug. 5, 2020) ("[T]he District Court's September 16, 2019 Order [awarding attorney's fees] was judgment for which no separate document was required."); *Costa v. Datapro, Inc.*, 2012 WL 591307, at *6 (S.D. Fla. Feb. 22, 2012) ("The Court will *not* enter a separate judgment for the attorney's fees awarded here.") (emphasis in original); *Feldman v. Olin Corp.*, 673 F.3d 515, 516-17 (7th Cir. 2012) ("[S]ince 2002, Rule 58 (a)(3) has provided that no separate document is required 'for an order disposing of

---

[1] While Defendant cites to the Court's order disposing of Defendants' Motion to Quantify Attorney's Fee Award as the relevant order, Defendants previously filed a Motion for Entitlement to Attorney's Fees, Expenses, and Costs. Doc. 95. To the extent that the Court should consider that request for purposes of the Rule 58 analysis, the Court notes that Defendants also filed the Motion for Entitlement pursuant to Rule 54(c)(2). Doc. 95. Accordingly, it seems no separate judgment is required.

a motion for attorney's fees under Rule 54[.]'. . . All that. . . Rule 58(a)(3) . . . can sensibly be understood to mean is that Rule 54, the rule on judgments, makes [an] award [] of attorney's fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required."); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013) ("A 'separate document' is not required 'for an order disposing of a motion. . . for attorney's fees under Rule 54.'")).

And assuming *arguendo* that Defendants are correct that the exceptions to Rule 58(a) do not apply, the judgment is already deemed entered.  Rule 58(c) provides:

> (c) Time of Entry. For purposes of these rules, judgment is entered at the following times:
>
> (1)  if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
>
> (2)  if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>
> (A) it is set out in a separate document; or
>
> (B) 150 days have run from the entry in the civil docket.

Fed.R.Civ.P. 58(c).  Since no separate judgment on fees was entered, the judgment through the fees order is considered entered 150 days after the entry of the order.  *See Askan v. Faro Techs. Inc.*, 2024 WL 5375483, at *1 to 2 (M.D. Fla. Sept. 6, 2024)*, report and recommendation adopted by* 2024 WL 5375491 (M.D. Fla. Sept. 30, 2024) (denying motion to reopen the case to compel compliance with court order because the defendant already had a final judgment to enforce pursuant to Rule 58(c)) (citing *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 843 (11th Cir. 2008) (noting that because a separate document was required but no separate judgment was entered, final judgment was deemed entered 150 days after the order was entered in the civil docket); *Rodriguez v. Marble Care, Int'l, Inc.*, 2012 WL 7761546, at *3 (S.D. Fla. Nov.

- 3 -

16, 2012), *report and recommendation adopted by*, 2013 WL 1110800 (S.D. Fla. Mar. 11, 2013) (same)).

The Court entered both the orders on entitlement and quantification back in 2023 and 2024 respectively and, therefore, the 150-day clock has long passed. Based on the foregoing, the Court finds no reason to enter judgment for fees and the same holds true for costs. Again, Defendants include costs in their request for relief and cite generally to Rule 58 but do not provide a sufficient statement for the basis of that relief. As such, the Motion is deficient under Local Rule 3.01(b) (quote).

On its own accord, the Court has found some support for entry of a separate judgment with respect to costs. *See Canaan v. Farias-Rios*, 2023 U.S. Dist. LEXIS 88051, at *2 (M.D. Fla. May 19, 2023) (granting a motion for entry of judgment on bill of costs), *report and recommendation adopted by*, 2023 U.S. Dist. LEXIS 130526 (M.D. Fla. June 20, 2023) (citing *McCort v. Adcs Clinics, LLC*, 2022 U.S. Dist. LEXIS 117119 (M.D. Fla. May 12, 2022) ("Pursuant to Federal Rule of Civil Procedure 58, a party may request that a judgment be entered when the court has denied all relief on a party's claims. '[C]ourts have held that since an order on a bill of costs does not fall within any of the enumerated exceptions for the entry of judgment in Rule 58, it is appropriate to enter a separate judgment.'").[2] But, again, assuming Rule 58 applies and a separate judgment on costs was required, 150 days has passed since the Clerk entered the Bill of Costs. As such, it seems Defendants are not in need of relief. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (if a court fails to enter judgment when one was required, "the judgment is entered by legal

---

[2] Without further briefing, the Court is not necessarily persuaded that a bill of costs is an "order" for purposes of Rule 58 but notes that this case might support the request assuming Rule 58(c)(2)(B) does not render the need for relief moot.

fiction 150 days after the issuance of the opinion it should have accompanied") (citing Fed.R.Civ.P. 58(c)(2)(B)).[3]

To be clear, the Court denies the Motion because Defendants have not sufficiently briefed the basis for the relief sought.  With no real analysis, the Court is not satisfied that the exceptions to Rule 58(a) do **not** apply with respect to fees or that the passage of more than 150 days after entry of the orders does not render the need for relief unnecessary.  If it is Defendants' position that the Court should still enter judgment pursuant to Rule 58(d) regardless of the application of Rule 58(a)(3) and (c)(2)(B), Defendants have provided no analysis in support of the argument.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 124) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on March 23, 2026.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[3] As one court explained, "[t]he purpose of the time frames in Rule 58 is to safeguard against the appeal period 'linger[ing] on indefinitely.'" *Endurance American Specialty Insurance Company v. Liberty Mutual Insurance Company*, 2023 WL 6345332, at *16 (M.D. Fla. Aug. 15, 2023), *report and recommendation adopted by*, 2023 WL 62847685 (M.D. Fla. Sept. 27, 2023) (citing Fed.R.Civ.P. 58, advisory committee note to 2002 amendment).  If judgment is already deemed entered pursuant to Rule 28(c)(2)(B), then it seems that another entry of judgment might cause confusion on the matter of finality.

Finally, the Court notes that the "legal fiction" described by the Tenth Circuit is a consequence of the 2002 amendments to the Rule.  The *Committee Notes on Rules – 2002 Amendment* to Rule 58 explain the creation of the 150-day rule, its relationship to the Federal Rules of Appellate Procedure, and the practical issues that continue to exist: "Drastic surgery on Rules 54(a) and 58 would be required to address this and related issues, however, and it is better to leave this conundrum to the pragmatic disregard that seems its present fate."  Accordingly, while the Court is sympathetic to the conundrum at hand, Defendants have not established any basis for the Court to grant relief at this time.